**Zebiba Ismail NURIYE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–74264.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Samuel Ouya Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Claire Truxaw Cormier, Esquire, Assistant U.S., Office of the U.S. Attorney, San Jose, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Zebiba Ismail Nuriye, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

Substantial evidence supports the BIA's finding that Nuriye failed to establish a well-founded fear of future persecution in light of changed country conditions in Ethiopia, *see Molina–Estrada v. INS,* 293 F.3d 1089, 1096 (9th Cir.2002), and her

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

claim is further undermined by the continued presence of similarly-situated family members in Ethiopia, *see Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). Contrary to Nuriye's assertion, the record before us does not demonstrate that there is a pattern or practice of persecution against Ethiopians of Eritrean descent in Ethiopia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Accordingly, Nuriye's asylum claim fails.

Because Nuriye failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

■ Finally, substantial evidence supports the BIA's denial of CAT relief because Nuriye failed to establish that it is more likely than not that she will be tortured if returned to Ethiopia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**